## PRESIDENT, DIRECTORS AND COMPANY OF THE FRAMINGHAM BANK *vs.* GAY & others.

.o a declaration which avers the making of a promissory note by the defendant, payable to the plaintiff, and that the defendant owes him the amount of said note, an answer that the defendant does not owe the plaintiff in manner and form declared on, and leaving him to prove the same, does not put the signature in issue.

ACTION OF CONTRACT on a promissory note. The declaration avers, " that the defendants made a promissory note payable to the plaintiffs or order, a copy whereof is hereunto annexed ; and the defendants owe the plaintiffs the amount of said note and interest thereon." A copy of the note was annexed.

The defendants " answer upon their personal knowledge and belief that they do not owe the plaintiffs in manner and form declared on, and leave the plaintiffs to prove the same."

At the trial in the court of common pleas, the defendants objected to the plaintiff's reading the note to the jury without proof of the signatures. But *Aiken,* J. overruled the objection, and the verdict being against the defendants, they alleged exceptions.

*E. Ripley & F. W. Pelton,* for the defendants. The defendants sufficiently denied the allegations in the declaration, by " leaving the plaintiffs to prove the same," and by expressly and precisely denying the allegation that they owed the plaintiffs, which was the only statement, and a sufficient one, of any cause of action. *Woodbury* v. *Jones,* 3 Gray, 261.

*C. R. Train,* for the plaintiffs.

MERRICK, J. It is averred by the plaintiffs that the defendants made the promissory note, of which a copy is annexed to the declaration. This is a substantive and material fact, and both the allegation and proof of it are essential to the maintenance of the present action. It is alleged and set forth in their declaration with substantial precision and certainty ; for the plaintiffs adopt and follow, exactly in its very words, the form prescribed for use in such cases by the statute. The answer of

the defendants does not deny this distinct allegation in clear and precise terms ; and, if strictly considered, cannot be regarded as any denial of it at all. They aver that they do not owe the plaintiffs in manner and form as is set forth in their declaration ; but this is no denial that they made the promissory note, and thereby became debtors to those who should afterwards lawfully hold it. They may have signed it, and thereby assumed the obligation of paying its contents according to its tenor, and yet still it may have been true that, at the time of the commencement of the action against them for the recovery of the amount alleged to be due upon it, they owed the plaintiff nothing on account of it. It may in the mean time have been paid, or they may have been released and discharged from the obligations it originally imposed upon them, either by the act of a *bona fide* owner of the instrument, or by operation of law. They might therefore safely and properly affirm that they did " not owe the plaintiffs," though they could not justly or truly deny that they ever made or executed the note declared on. And as they did not in their answer deny in clear and precise terms the allegation made by the plaintiffs of this substantive fact, the plaintiffs were rightly allowed by the court to read the note to the jury without first offering any evidence that the signatures of the several defendants were true and genuine, because the statute expressly declares that a substantive fact, so averred, shall for want of such a denial be deemed to be admitted by the party who is required to answer it. *St.* 1852, *c.* 312, §§ 14, 26, 84.                    *Exceptions overruled.*